DANA (BETTES v.).   See Case No. 1,368.

DANA (LAMAR v.).   See Cases Nos. 8,005 and 8,006.

DANA (LAWRENCE v.).   See Case No. 8,136.

---

## Case No. 3,555.

DANA et al. v. UNITED STATES.

[1 Hoff. Land Cas. 87.] [1]

District Court, N. D. California.   Dec. Term, 1855.

APPEALS FROM LAND COMMISSIONERS.

Objections removed by further testimony taken in this court.

[Appeal by William A. Dana and others from a decision of the board of land commissioners rejecting their claim to part of the rancho San Antonio.]

Claim for about six thousand acres of land in Santa Clara county, rejected by the board, and appealed by the claimants. The claimants in this case derive their title from a grant made by Governor Alvarado on the twenty-sixth of March, 1839, and confirmed by the departmental assembly on the twenty-

[1] [Reported by Hon. Ogden Hoffman, District Judge, and here reprinted by permission.]

sixth of May, 1840. The nonproduction of the original grant is accounted for by the depositions of various witnesses taken in case number two hundred and seventy-five, and by stipulation made evidence in this case: and a copy has been introduced, duly certified by Manuel Jimeno and two assisting witnesses as true and legal, from the original expediente in the office of the secretary. This certificate is dated October 14th, 1843. A certificate signed by Manuel Micheltorena, governor, and M. Jimeno, secretary, dated October 12th, 1843, is also produced, from which it appears that the grant was confirmed by the departmental assembly on the twenty-sixth of May, 1841. It also directs that this certificate be delivered to the interested party in confirmation of his grant. A copy of the expediente from the archives is also produced, containing the original petition and diseño of the land solicited and the subsequent proceedings thereon, including the decree of concession, the approval of the departmental assembly, the governor's certificate in confirmation of the grant, and a copy of the title delivered to the grantee. The authenticity and genuineness of these documents are fully established by proof.

The conditions of the grant appear to have been fully complied with, and the description in the grant and the delineation of the tract on the diseño identify the land with sufficient certainty. The claim in this case was rejected by the board of commissioners for defect in the chain of mesne conveyances, through which the claimants derive their title. Those defects have since been supplied, and the title of the claimants seems to be regularly deduced from the original grantee. With respect to the original grant, there seems to be no controversy. Its validity was not doubted by the board, and it has been confirmed in another case now before this court. But the claim in the present case is for a certain part of the tract originally granted, which is alleged to have been sold after the decease of the grantee by his executor to pay his debts. A deed from the heirs of the grantee is also produced, conveying to the purchaser the same land bought by him at the sale by the executor. The present claimants have thus shown a prima facie right to the land petitioned for, and as it is clear that the United States have no rights in the land as part of the public domain, we consider it our duty to confirm this claim and to leave the parties to litigate between themselves any questions which may arise as to the validity of the executor's sale or the conveyance by the heirs of the original grantee. The decree of this court can have no effect upon the conflicting rights of third parties, and merely determines the validity of the claim as against the United States. The elaborate and conclusive argument of Mr. Commissioner Thornton, on the right of contesting claimants to intervene in a suit before the board, relieves us from the necessity

of discussing the question involved in this case, especially as no opposition is made to the confirmation of this claim on the part of any persons holding adverse titles to the land. The claim must therefore be confirmed to so much of the land petitioned for as is contained within the boundaries of the tract granted to Prado Mesa.

Jeremiah Clarke, for appellants.

S. W. Inge, U. S. Atty.